WHATLEY, Judge.
George W. Daneker challenges a final order that summarily denied his second motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We reverse and remand.
In 2003, Daneker pleaded no contest in cases 02-CF-9355, 02-CF-9476 and 02-CF-15443 to burglary of a structure, attempted burglary of a structure, trespass to a construction site, grand theft, driving while license suspended, resisting arrest with violence, and dealing in stolen property. On April 4, 2003, Daneker was sentenced. The written sentence reflected a term of ten years in prison on the dealing in stolen property count and five years on the remaining charges, to run concurrently. The judgment and sentence were affirmed on direct appeal. Daneker v. State, 871 So.2d 221 (Fla. 2d DCA 2004).
On May 13, 2004, Daneker filed his first motion to correct an illegal sentence pursuant to rule 3.800(a), claiming the written sentence did not conform to the oral pronouncement of sentence. Daneker’s motion was granted and the postconviction court amended the written sentence, consistent with the oral pronouncement, to reflect sentences of ten years for burglary of a structure and five years on the remaining charges, to run concurrently.
Daneker subsequently filed the current motion to correct an illegal sentence, claiming the amended sentence violates double jeopardy and is otherwise illegal. Because the postconviction court correctly found no violation of double jeopardy, we do not address that claim. Daneker’s alternative claim, that the ten-year sentence for burglary of a structure is illegal, was not addressed by the postconviction court.
As the State concedes, the sentence for burglary of a structure must be reversed. Daneker was convicted of burglary of an unoccupied structure, a third-degree felony, which carries a maximum penalty of five years in prison, pursuant to section 775.082(3)(d), Florida Statutes (2002). The permissible sentencing range, calculated on Daneker’s scoresheet, was between 30.45 months and the statutory maximum of five years. See § 921.0024(2), Fla. Stat. (2002).
Accordingly, we reverse and remand •with instructions to enter a second amended sentence reflecting a sentence within the permissible range for burglary of a structure in case 02-CF-9355 and concurrent five-year sentences on all other *230 charges, with all other conditions of the amended sentence to remain in effect.
Reversed and remanded.
SILBERMAN and LaROSE, JJ., Concur.